STATE OF WEST VIRGINIA

**FILED**
**January 25, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Michael E. Brown,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-899** (Cabell County 22-C-275)

**Shawn Straughn, Superintendent,**
**Northern Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael E. Brown appeals the order of the Circuit Court of Cabell County, entered on September 26, 2022, denying his petition for a writ of habeas corpus.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. Proc. 21.

Mr. Brown has been incarcerated for nearly a quarter-century for his 1999 conviction of the double-murder, by gunshot, of two men who purchased marijuana from him. He appealed his conviction, and we upheld the conviction but reversed his sentence in *State v. Brown*, 210 W. Va. 14, 552 S.E.2d 390 (2001), because no presentence investigation report was prepared prior to the sentencing hearing. On remand, he was sentenced to consecutive terms of imprisonment for life, with mercy. Since that time, we have revisited the circumstances of Mr. Brown's conviction on multiple occasions to address appeals from petitions (originating in circuit court) for writs of habeas corpus. *See Coleman v. Brown*, 229 W. Va. 227, 728 S.E.2d 111 (2012); *Brown v. Coleman*, No. 14-0134, 2014 WL 6607517 (W. Va. Nov. 21, 2014) (memorandum decision); and *Brown v. Ames*, No. 21-0084, 2022 WL 1693755 (W. Va. May 26, 2022) (memorandum decision).

Mr. Brown filed his most recent petition for a writ of habeas corpus in the Circuit Court of Cabell County in August 2022. In that petition, he asserted several grounds for relief, including prosecutorial misconduct, judicial misconduct (at both his trial and in prior habeas proceedings), and ineffective assistance of trial counsel. The circuit court denied Mr. Brown's most recent petition by order entered on September 26, 2022, noting that most of petitioner's claims were raised—and addressed—in his prior petitions. It found that all grounds set forth in Mr. Brown's petition were either previously raised or waived. We have explained:

---

[1] Mr. Brown is a self-represented litigant. Respondent Shawn Straughn, the superintendent of the Northern Correctional Center, is represented by Attorney General Patrick Morrisey and Senior Assistant Attorney General Andrea Nease Proper.

1

A judgment denying relief in post-conviction habeas corpus is res judicata on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.

Syl. Pt. 2, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981). Furthermore,

[a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

*Id*. at 462-63, 277 S.E.2d at 608, Syl. Pt. 4.

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Having thoroughly reviewed Mr. Brown's claims and our prior decisions concerning his requested habeas relief, we agree with the circuit court that the claims Mr. Brown raised in his most recent petition for writ of habeas corpus are barred by the doctrine of res judicata.

On appeal, Mr. Brown presents two assignments of error. He argues, first, that the circuit court erred when it denied habeas relief without entering specific findings of fact and conclusions of law. However, the circuit court was not obligated to undertake such a futile effort for issues that have already been fully ruled upon. Mr. Brown argues, second, that he made a motion for the recusal of the circuit court judge—whom he refers to as a "named party," though the circuit court judge is not personally named in the pleadings before us—that was improvidently denied. The Chief Justice denied Mr. Brown's motion for disqualification of the circuit court judge by administrative order entered on September 16, 2022. There is no error before us, and we emphasize that Mr. Brown has exhausted all avenues for review of his 1999 conviction, the attendant sentence, and his efforts to secure post-conviction relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 25, 2024

2

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn